**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-60342
Summary Calendar
_____

PERRIN HURDLE,

Plaintiff-Appellant,

versus

SEARS, ROEBUCK & COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(95-CV-247-BrR)
_____

October 27, 1999

Before POLITZ, JONES, and WIENER, Circuit Judges.

Per Curiam[*]

In this appeal from the dismissal of his employment discrimination suit, asserted under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*, Plaintiff-Appellant Perrin Hurdle asks us to reverse the district court's grant of summary judgment in favor of Defendant-Appellee Sears, Roebuck & Company. Hurdle complains that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in concluding that he failed to allege facts sufficient to make out a prima facie case of age discrimination.

The Supreme Court's decision in Hazen Paper Company v. Biggins, 507 U.S. 604 (1993), controls this case. Whether the court applies the age discrimination test applicable to individual employee discharges, see Price v. Marathon Cheese Corp., 119 F.3d 330, 336-37 (5th Cir. 1997), or the one applicable to reductions in force, see Woodhouse v. Magnolia Hosp., 92 F.3d 248, 252 (5th Cir. 1996), Hurdle bears the burden of producing evidence that he was discriminated against because of his age. The essence of Hurdle's complaint is that he was discharged because his pension benefits were about to vest. The Supreme Court explicitly stated in Hazen Paper, however, that "a decision by [a] company to fire an older employee solely because he... is ‹close to vesting' would not constitute discriminatory treatment on the basis of age." 507 U.S. at 612. Such conduct may be actionable under other substantive laws, such as ERISA, but it does not involve the inaccurate and stigmatizing stereotyping that is the essence of an ADEA claim. Id at 611-12.

Hurdle does not point to any other evidence that would support the inference that he was discriminated against because of his age. The new management position created by Sears, Roebuck & Co.'s restructuring and reorganization, a position to which Hurdle argues he was entitled, was filled by a 57-year old employee who was 9 years older than the 48-year old Hurdle.

Hurdle simply has presented no evidence that he was discriminated against because of his age.  As such, the decision of the district court must be

AFFIRMED.